UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIA

IN RE:  JJTJ, LLC                                         CASE NO. 09-10324

        Debtor                                         CHAPTER 7

**TRUSTEE'S MOTION FOR AUTHORITY TO SELL PROPERTY OF THE ESTATE FREE AND CLEAR OF CERTAIN LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES**

**NOW INTO COURT,** through undersigned counsel comes Samera L. Abide, the duly appointed and authorized Chapter 7 Trustee of the bankruptcy estate of JJTJ, LLC, (the "Debtor") who with respect represents:

1.

**JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334(b) and pursuant to Local Rule 83.4.1.

2.

**CORE PROCEEDING**

This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(N) and (O).

3.

**PROCEDURE**

Procedurally, this matter is governed by Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure.

4.

This matter is brought pursuant to 11 U.S.C. §363.

5.

On March 16, 2009, the Debtor filed a voluntary petition for relief in this Court under Chapter 11 of the United States Bankruptcy Code.

6.

Samera L. Abide ("Trustee") is the duly authorized and appointed trustee of JJTJ, LLC's bankruptcy estate (the "JJTJ Estate") having been appointed trustee on July 23, 2009.

7.

The statements and schedules filed on April 4, 2009, of the Debtor, particularly schedule "A" shows that the Debtor is the owner of an undivided one-half (1/2) interest in and to a certain piece of immovable property (the "Property") situated in the City of New Orleans, State of Louisiana, bearing municipal number 309-311 Decatur Street, more particularly described as follows, to-wit:

> THAT PORTION OF GROUND, together with all the buildings and improvements thereon, and all rights, ways, privileges, servitudes, appurtenances and advantages thereunto belonging or in anywise appertaining, situated in the SECOND DISTRICT of the CITY OF NEW ORLEANS, STATE OF LOUISIANA, designated by the letters "C" and "D" of Square No. 29, bounded by Decatur, Bienville, Chartres, and Conti Streets, on a sketch by J. A. D'Hemecourt, Deputy City Surveyor, annexed to an act passed before E. G. Gottschalk, late Notary Public, on February 27, 1850, which said lots adjoin and measure according to said survey, viz:
>
> LOT "C", twenty-one feet, three inches and six lines (21'3''6''') Front on Decatur Street, twenty-one feet, seven inches and four lines (21'7''4''') in width in the rear, and Lot "D", twenty-one feet, three inches and six lines (21'3''6''') front on Decatur Street, the same width in the rear, each of said lots by a depth of one hundred fifty-three, five inches (153'5''). Said lots also are shown on a survey by John Walker, Civil Engineer and Surveyor, dated May 1, 1979, according to which survey said lots adjoin and each measures twenty-one feet, three inches and six lines (21'3''6''') front on

Decatur Street, the same distance in width in the rear, each lot by a depth of one hundred fifty-three feet, six inches (153'6'').

The improvements bear the Municipal No. 309-11 Decatur Street, New Orleans, Louisiana.

8.

The Trustee proposes to sell all of the Debtor's right, title and interest including but not limited to its undivided one-half (1/2) interest in and to the Property. The purchase shall be without any warranty or recourse whatsoever on the part of the Trustee, even as to the return of the purchase price, but with full substitution and subrogation to all rights and actions of warranty against all preceding owners, vendors or mortgagors. The purchaser shall buy the property "as is, where is" and subject to ad valorum taxes and the First Bank & Trust mortgages but free and clear of those liens, encumbrances, claims and interests affecting the Property as set forth herein.

9.

The Trustee has received an offer from Muscarello Ventures, LLC, the owner of the other undivided one-half (1/2) interest in the Property and a good faith purchaser, to purchase all of the Debtor's right, title and interest including but not limited to an undivided one-half (1/2) interest in and to the Property above described for the sum of Five Thousand and no/100 ($5,000.00) Dollars payable as 506(c) administrative expense to the Trustee, plus assumption of the remaining balance due to First Bank and Trust Company in the sum of $1,792,457.00 arising from and/or related to that certain Multiple Indebtendness Mortgage dated June 26, 2003, recorded at NA # 715691 in the Parish of Orleans, State of Louisiana and assumption of the remaining balance due to First Bank and Trust Company in the sum of $413,280.00 arising from and/or related to

that certain CollateralMortgage and Assignment of Leases and Rents dated June 25, 2003 recorded at NA #715692 Parish of Orleans, State of Louisiana.  As additional consideration if the Property is purchased by Muscarello Ventures, LLC, the estate will receive a release of any and all claims by Muscarello Ventures, LLC against the Debtor arising out of a certain money judgment dated February 9, 2008 by Muscarello Ventures,LLC against JJTJ, LLC, in the matter entitled "Muscarello Ventures, LLC v. JJTJ, et al bearing docket no. 2008-10764 in the Civil District Court Parish of Orleans, with a balance due of "$348,834.00 plus accrued interest and other sums due as set forth in said judgment plus such additional sums that have been incurred by Muscarello Ventures, LLC for mortgage payments made to First Bank & Trust Company, operating expenses, tenant improvements, taxes and insurance all having been paid by Muscarello Ventures, LLC, since the filing of the Debtor's bankruptcy proceedings in the approximate sum of $200,000.00.  These sums continue to accrue as a result of the Debtor's failure to remit the amounts arising and/or related to its responsibility as undivided owner of the Property.

10.

Thus the total amount of consideration that forms a part of this sale motion equals $2,210,737.00 to either be paid and/or assumed by Muscarello Ventures, LLC. ($5,000.00 will be paid with the balances assumed by Muscarello Ventures, LLC).  In addition, Muscarello Ventures LLC will release the estate from any other claims it may have against the estate, including but not necessarily limited to the debt represented in proof of claim no. 4 filed in connection with this bankruptcy case in the amount of $384,000.00.

11.

That according to the Debtor's statements and schedules, the Debtor values the Property at $4,000,000.00 with the Debtor's interest being valued at $2,000,000.00 with a secured indebtedness on that property of $1,850,000.00 in favor of First Bank and Trust Company. See copies of Schedule A and D attached hereto as Exhibit "1".

12.

The Trustee is in receipt of an appraisal dated June 28, 2010, conducted by Mr. P.M. McEnery, MAI, with The McEnery Company, Inc., indicating a market value of the Property at $2,325,000.00.  See copy of appraisal attached as Exhibit "2".

13.

Pursuant to 11 U.S.C. §363 (b)(1), the Trustee may use, sell or lease, other than in the ordinary course of business, property of the estate.

14.

The Trustee suggests that the proposed consideration for the sale is fair and reasonable and is the result of an arm's length transaction.

15.

The Trustee further suggests that the sale is in the best interest of the estate considering that the Debtor only holds an undivided interest in and to the Property, that she could not locate a realtor who will list the Property for the value reflected in the Debtor's schedules and thus her attempts to market the Property are without success, that the Debtor will continue to incur additional costs as a result of its inability to pay its share of mortgage payments and operating expenses and that the estate is realizing sums as a result of the proposed sale.

16.

The Trustee shall notice the proposed sale to all creditors of the estate and parties in interest as reflected on the mailing matrix filed in connection with this case.

17.

The Trustee attaches a copy of a Mortgage Certificate from the Clerk of Court, Parish of Orleans, dated December 8, 2009, showing the encumbrances that appear of record. See copy of Mortgage Certificate attached as Exhibit "3". According to the Mortgage Certificate, there are two mortgages which the purchaser shall take the Property subject to and there are two judgments from which the Property will be sold free and clear. The mortgages are described herein in paragraph 9 above. The two judgments, both of which are avoidable (one is included in paragraph 9) as they were recorded during the 90 day period, are:

Judgment in Suit No. 2008-10877, Civil District Court for the Parish of Orleans, State of Louisiana, in favor of First Bank and Trust and against Joseph D. Murphy, Carol R. Murphy and JJTJ, LLC in the amount of $42,581.30, plus interest, attorney's fees and costs, signed February 13, 2008 recorded February 17, 2009 at NA #963969 in the Parish of Orleans, State of Louisiana.

Judgment in Suit No. 2008-10764, Civil District Court for the Parish of Orleans, State of Louisiana, in favor of Muscarello Ventures, LLC and against JJTJ, LLC and Joseph D. Murphy, signed February 13, 2008 and recorded March 16, 2009 at NA #967099 in the Parish of Orleans, State of Louisiana.

18.

That Muscarello Ventures, LLC, who owns the other undivided one-half (1/2) interest in the Property, shall be considered a good faith purchaser within the meaning of 11 U.S.C. §363 (m).

19.

In the event that competing bidders are present on the date of the hearing of this motion and wish to make an offer on the Property, it is suggested that any such bid be on the same terms and conditions as contained in this Motion except that any such bidder submitting eight (8) days prior to the hearing on this Motion a sworn current financial statement that is satisfactory to First Bank and Trust Company and Muscarello Ventures, LLC, indicating the financial ability to pay its respective share of the mortgage payments and operating expenses related to the Property with the opening bid to be in the amount of $10,000.00 cash ($5,000.00 of which as 506(c) administrative expense payable to the trustee and $5,000.00 of which shall fall into the estate), along with the sworn financial statement indicating the financial wherewithal to pay the ongoing mortgage payments and operating expenses related to the undivided interest subject of this Motion going forward.

WHEREFORE, Samera Abide, Chapter 7 Trustee of the bankruptcy estate of JJTJ, LLC, prays:

1. That after notice and a hearing, an order be entered pursuant to 11 U.S.C. §363 approving the sale of the Property pursuant to the terms and conditions as described herein, free and clear of all liens, claims, interests and encumbrances subject to assumption by Muscarello Ventures, LLC, of that Multiple Mortgage and the Collateral Mortgage indebtedness, both in favor of First Bank and Trust Company, as set forth within the Motion; and

2. That the sale be free clear of the judgments reflected on the Mortgage Certificate and described in paragraph 15 of the Motion and that the Recorder of Mortgages for Orleans Parish be authorized and ordered to cancel same; and

3. That Muscarello Ventures, LLC, be deemed a good faith purchaser within the meaning of 11 U.S.C. §363(m); and

4. That Samera L. Abide as trustee be allowed $5,000.00 as 506(c) administrative expenses associated with the Property; and

5. For such other and further relief to which she may be entitled in law and in equity.

Respectfully submitted:

*s/Samera L. Abide*
Samera L. Abide, Bar. No. 2288
Chapter 7 Trustee
P. O. Box 3616
Baton Rouge, Louisiana 70821
Telephone: (225) 923-1404
Facsimile: (225) 923-1443
Email: slabide@abide-law.com